# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAUL MICHEAL BRACEWELL,
        Appellant,

DOCKET NUMBER
DC-0752-15-0765-I-1

v.

DEPARTMENT OF DEFENSE,
        Agency.

DATE: September 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Paul Micheal Bracewell, Fayetteville, North Carolina, pro se.

Sandra K. Whittington, Esquire, Fort Lee, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to consider the appellant's jurisdictional evidence submitted with his petition for review, we AFFIRM the initial decision.

¶2        On May 12, 2012, the appellant was appointed to the WG-7 position of Meatcutting Worker at the agency's Ramstein Central Meat Processing Plant at Ramstein Air Base, Germany. Initial Appeal File (IAF), Tab 6, Subtab 4a, Tab 7, Subtab 4r. In the fall of 2014, the appellant sought reassignment or reasonable accommodation to improve his quality of life. IAF, Tab 7, Subtab 4q. The agency asked the appellant to provide medical support for this request, which he did. *See id.* at 1; IAF, Tab 7, Subtab 4p. On November 14, 2014, the agency determined that the appellant was a qualified individual with a disability who could no longer perform the essential duties of his position, but the appellant protested that determination. IAF, Tab 7, Subtab 4o. The agency offered the appellant an opportunity to explore the possibility of reassignment to a vacant, funded position at his current or a lower-graded position. *Id.*. According to an agency memorandum dated January 27, 2015, the appellant did not initially respond to the agency's offer. *Id.*, Subtab 4k at 1. When the agency again met with the appellant and asked him about the prospect of reassignment, he allegedly replied, "I will let you know," and said that he needed to discuss the offer with his lawyer. The agency gave the appellant 30 days to speak with his attorney, but it did not hear back from him. *Id.* at 1-3; IAF, Tab 7, Subtabs 4n-4m.

¶3    On March 20, 2015, the agency proposed the appellant's removal for inability to perform the duties of his position. IAF, Tab 7 at 8. After the appellant filed his response, the agency offered him a number of jobs as reasonable accommodation for his disability, degenerative disc disease. IAF, Tab 6 at 31. Before the agency issued a decision on the proposal, however, the appellant resigned. *Id.* at 24.

¶4    The appellant then filed an appeal alleging that his resignation, effective May 7, 2015, was involuntary because his agency identification card (ID card) expired before he could get his physician to determine whether the duties of the jobs that the agency offered him as reasonable accommodation for his disability were within his physical limitations. IAF, Tabs 1, 3. On May 28, 2015, the administrative judge issued an acknowledgment order informing the appellant of his burden to establish jurisdiction over the appeal and ordering him to file evidence and argument on the jurisdictional issue within 15 days of the date of the order. IAF, Tab 2. The appellant did not respond to the order, and the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). She found that the appellant failed to show that the agency could not support the proposed removal action. ID at 5. She also found that the agency repeatedly offered the appellant positions to accommodate his medical condition and he refused all offers. ID at 5. Thus, she found no evidence of coercion or improper acts by the agency that would compel a reasonable person to resign. ID at 6.

¶5    In his petition for review, the appellant reiterates his contention that the fact that his agency ID card had expired forced him to resign. Petition for Review (PFR) File, Tab 1. He states that he accepted the agency offer of reasonable accommodation to a position in North Carolina, subject to his physician's determination that he could perform the duties of the positions. *Id.* He argues for the first time that on April 27, 2015, he informed his contact at the agency that he could not be seen by his physician until May 8, 2015, and asked about the status

of an extension of his about-to-expire ID card. *Id.* The appellant states that his contact indicated that, as to the request for an extension of the ID card, he had "sent it up." *Id.* The appellant states that, later in the day on April 27, he suffered a panic attack and had to leave work. *Id.* He states that, before he left the workplace, he informed his contact of his email address and was expecting to receive information about the extension of his ID card. *Id.* He states that, when he received no information about his ID card by its expiration date, he felt that he must resign. With his petition, the appellant submits for the first time emails to show that he agreed to take any of the positions that were offered to him in North Carolina and that he had informed his contact of his absence until May 8 and that his base ID would expire on May 6, 2015. *Id.*

¶6        Generally, the Board will not consider evidence and argument submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant has not made such a showing. However, the appellant's evidence goes to the issue of jurisdiction, and the issue of jurisdiction is always before the Board and may be raised at any time. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010). Thus, notwithstanding our denial of the appellant's petition for review, we have considered the evidence relevant to the issue of jurisdiction that he submits with his petition for review.

¶7        The appellant has the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008); 5 C.F.R. § 1201.56(a)(2). An employee-initiated action, such as a resignation, is presumed to be voluntary, and thus outside the Board's jurisdiction. *See Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary resignation, however, is equivalent to a forced removal and therefore is within the Board's jurisdiction.

*Garcia v. Department of Homeland Security*, [437 F.3d 1322](#), 1328 (Fed. Cir. 2006) (en banc).

¶8      To overcome the presumption that a resignation is voluntary, the employee must show that it was the result of the agency's misinformation or deception or was coerced by the agency. *See Vitale*, [107 M.S.P.R. 501](#), ¶ 19. To establish involuntariness on the basis of coercion, the appellant must establish that the agency imposed the terms of the resignation, he had no realistic alternative but to resign, and the resignation was the result of improper actions by the agency. *Garcia*, 437 F.3d at 1329.     When an appellant raises an allegation of discrimination in connection with a claim of involuntariness, the allegation may be addressed only insofar as it relates to the issue of voluntariness.  *Axsom v. Department of Veterans Affairs*, [110 M.S.P.R. 605](#), ¶ 12 (2009).    Once the appellant presents nonfrivolous allegations of Board jurisdiction—allegations of fact which, if proven, would establish the Board's jurisdiction—he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. *Parrott*, 519 F.3d at 1332; *Garcia*, 437 F.3d at 1344.

¶9      Even considering the appellant's submissions on petition for review, we find that he has failed to make a nonfrivolous allegation that his resignation was the result of agency misinformation or coercion.  The appellant was aware that, in response to his informing the agency that his ID card would possibly expire before his transfer to North Carolina could be effected, his contact received an email indicating that the agency would "look at doing an administrative extension . . . until the transfer [was] finalized."  PFR File, Tab 1 at 17.  The appellant admits that his contact had acted to seek an administrative extension of the appellant's ID card once the contact knew the appellant could not get in to see his physician until after the expiration date of his ID card.  That the appellant did not receive information from the contact about the status of the agency's effort to extend the date of his ID card does not constitute misinformation or deception.  In any event, even though the appellant was not at the workplace, the lack of

information from his contact did not deprive him of the opportunity to get in touch with the contact to ascertain the status of the extension request for the expiration of his base ID card.  For similar reasons, the failure of the contact to get in touch with the appellant was not an improper act by the agency and was not coercive.  The appellant had the realistic option of determining the status of the agency's efforts to extend the expiration date of his ID card before he unilaterally decided to resign.  In addition, he could have waited and challenged the agency's removal action if and when the agency went ahead with that action.

¶10     To the extent that the appellant is raising a claim of disability discrimination in connection with a claim of involuntariness, by the appellant's admission, the agency was cooperating with him to accommodate his disability by offering him several positions in North Carolina that appeared to have duties that he could perform within his physical limitations and delaying a decision on his proposed removal until his physician could assess whether the positions that the agency offered him were jobs that he could perform.  PFR File, Tab 1 at 16.  Moreover, the appellant stated that he was willing to accept any of the positions offered by the agency in North Carolina.  *Id.* at 15.  The agency's actions in response to the appellant's request for accommodation of his disability were not improper or coercive.

¶11     In sum, the appellant has failed to make a nonfrivolous allegation that his resignation was the result of agency misinformation or deception, or was coerced by the agency.  *See Vitale*, 107 M.S.P.R. 501, ¶ 19.  The resignation was not the result of improper actions by the agency, and the appellant had realistic alternatives to resigning.  *Garcia*, 437 F.3d at 1329.  Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to

request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.